ORIGINAL

1

2

3

4

5

6

7

8

9

10

11

12              **UNITED STATES DISTRICT COURT**

13              **SOUTHERN DISTRICT OF CALIFORNIA**

14

15    MANUEL JOSE VARGAS-SOTO,                    )
                                                  )
16                 Petitioner,                    ) Cr. No.   06-2123GT
                                                  ) Cv. No.   07-0648GT
17          v.                                    )
                                                  ) **ORDER**
18    UNITED STATES OF AMERICA                    )
                                                  )
19                 Respondent.                    )
                                                  )

20

21          On April 9, 2007, Petitioner, Manuel Jose Vargas-Soto ("Mr. Vargas"), filed a Motion to

22    Modify Sentence, presumably pursuant to 28 U.S.C. § 2255. Mr. Vargas requests a two level

23    downward departure based on his status as a deportable alien, which Mr. Vargas asserts "should

24    have been considered as a mitigating factor" at his sentencing. The Court has fully considered this

25    matter, including a review of Mr. Vargas's brief filed, the authorities cited therein and the

26    arguments presented. For the reasons stated below, Mr. Vargas's Motion to Modify Sentence is

27    **DENIED**.

28    //

1    //

2          First, Mr. Vargas pled guilty, pursuant to a written plea agreement, to two counts of illegal

3 entry by an alien, in violation of 8 U.S.C. § 1325.  In the written plea agreement, Mr. Vargas

4 explicitly waived his right to appeal and/or collaterally attack his conviction or sentence.  The

5 Ninth Circuit has long acknowledged that the terms of a plea agreement are enforceable.  *See,*

6 United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 1996), *cert. denied*, 117 S.Ct. 1282 (1997).

7 Since Mr. Vargas expressly waived his statutory right to appeal or collaterally attack his sentence

8 in his plea agreement, Mr. Vargas is now precluded from challenging that sentence pursuant to 28

9 U.S.C. § 2255.  *See*, United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993)  (holding that

10 a knowing and voluntary waiver of a statutory right is enforceable).

11          Moreover, even if Mr. Vargas had not expressly waived his right to appeal or collaterally

12 attack his sentence, his petition would still fail.  In essence, Mr. Vargas argues that because of

13 his status as a deportable alien, he is "ineligible[] for pre-release custody and minimum security

14 confinement."  Mr. Vargas argues that the Court should grant him a two level downward

15 departure because of his status.  However, Mr. Vargas's argument that the Court should depart

16 downward because he is a deportable alien is precluded by statute and current Ninth Circuit

17 case law.  By statute, the Court may depart downward only if there are "aggravating or

18 mitigating circumstances . . . not adequately taken into consideration by the Sentencing

19 Commission." 18 U.S.C. § 3553(b).    Specifically, the Ninth Circuit has held that the threat of

20 deportation is <u>not</u> a factor that the district court may consider for sentencing purposes.  United

21 States v. Alvarez-Cardenas, 902 F.2d 734, 737 (9th Cir. 1990).[1]  Accordingly,

22    //

23    //

24    //

25

26    [1] The Ninth Circuit decided, in an unpublished opinion, that the defendant, like Limon, was not

27 entitled to a six month reduction in his sentence under 18 U.S.C. § 3553(b) because as a
deportable alien he is not eligible to spend the last six months of his sentence in a half way

28 house pursuant to 18 U.S.C. § 3624(c). *See* United States v. Zepeda-Valles, 87 F.3d 1325 (9th
Cir. 1996).

06CR2123

1        **IT IS ORDERED** that Mr. Vargas's Motion to Modify Sentence is **DENIED.**

2        **IT IS SO ORDERED.**

3

4

5    Oct. 9, 2007                                                                                        
     date                                             GORDON THOMPSON, JR.

6                                                           United States District Judge

7    cc:  AUSA Bruce Castetter        Petitioner

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

06CR2123